UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH MYERS,   No. 08-15203

    Plaintiff,   District Judge Gerald E. Rosen

v.   Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS
PAROLE BOARD,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

On December 19, 2008, Plaintiff Kenneth Myers, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court at this time is Defendant's Motion to Dismiss and/or for Summary Judgment [Docket #9], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the Defendant's motion be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

**I.   FACTS**

Plaintiff pled *nolo contendere* to one count of 2nd degree and one count of 3rd degree criminal sexual conduct ("CSC"), in the Circuit Court for Missaukee County, Michigan. The victims were his biological daughter and his step-daughter, both minors.

In exchange for his plea to these offenses, the prosecutor agreed to dismiss a charge of 1st degree CSC and 2nd degree CSC, and also agreed to a cap of 54 months on the minimum sentence. Plaintiff was sentenced to concurrent terms of 54 to 180 months.[1]

The Michigan Parole Board denied parole on July 3, 2007, and continued any further consideration for 24 months, finding that it "lack[ed] reasonable assurance that [the Plaintiff] will not become a menace to society or to the public safety...." The Board gave the following reasons for its actions:

> "[Plaintiff] impresses as having no remorse and no insight into the level of deviancy of his crime; presents as risk and is in programming currently to address his extremely deviant behavior." Defendant's Exhibit 1, Certified Record, p. 5.

In his complaint, Plaintiff claims that the Parole Board violated the terms of his *nolo contendere* plea by denying parole based on his failure to show remorse, in effect forcing him to make statements about the offenses as a pre-condition of release. Plaintiff states, at p. 3 of his complaint:

> "When I went up for parole the parole board decided to not release me greatly in part to 'lack of empathy" on the part of this plaintiff, a decision arrived upon by making plaintiff discuss crime and how he felt. This violated my rights under nolo contendre (sic) of not having to ever discuss the crime, so the process and procedures of the parole board violated my rights."

In its motion, Defendant argues (1) Plaintiff's claims are barred by Eleventh

---

[1] The historical documents relating to Plaintiff's conviction are contained in Defendant's Exhibit 1 (Certified Record of Kenneth Myers), attached to Defendant's motion [Docket #9].

-2-

Amendment immunity; (2) the claims are barred under the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); and (3) the Plaintiff has not stated a claim under 42 U.S.C. § 1983.

## II.   STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937,_L.Ed.2d_ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[3] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

Summary judgment under Rule 56 is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[3] *Twombley* was an antitrust case. *Iqbal* was a prisoner civil rights case. In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).  To prevail on a motion for summary judgment, the non-moving party must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First American Bank*, 916 F.2d 337, 341-42 (6th Cir. 1990).  Drawing all reasonable inferences in favor of the non-moving party, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  When the "record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of material fact, and summary judgment is appropriate. *Simmons-Harris v. Zelman*, 234 F.3d 945, 951 (6th Cir. 2000).

### III.   ANALYSIS

#### A.   Eleventh Amendment

Generally, claims against defendants in their official capacities, *i.e*, in their capacity as agents of the state under 42 U.S.C. §1983, are subject to dismissal because "[t]he United States Supreme Court has specifically held that a State is not a 'person' against whom a § 1983 claim for money damages might be asserted." *Price v. Caruso,*

451 F.Supp.2d 889, 902 (E.D.Mich.2006)(Friedman, J.); *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Nonetheless, "immunity does not apply if the lawsuit is filed against a state official for purely injunctive relief enjoining the official from violating federal law." *Ernst v. Rising,* 427 F.3d 351, 358 -359 (6th Cir. 2005); *Ex parte Young,* 209 U.S. 123, 155-56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908).

This Plaintiff specifically seeks injunctive relief, not money damages. Therefore, his claims may not be dismissed under the Eleventh Amendment.

### B.   *Heck v. Humphrey*

In *Heck*, the Supreme Court held that to recover civil damages based on an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Where success in the civil suit "would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750; 124 S.Ct. 1303, 1304 (2004).

In *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242, 161 L.Ed.2d 253 (2005), the Supreme Court held that *Heck* does not necessarily mandate the dismissal of a challenge

-6-

to a parole board's actions in every case. The Court noted that the plaintiffs' successful challenges to the parole *procedures* would not necessarily result in their release, but rather would give them a new parole eligibility hearing, after which they might or might not be granted parole. *See Adams v. Agniel,* 405 F.3d 643, 645 (8th Cir. 2005), where the court found that pursuant to *Dotson*, a parole challenge fell "within the narrow class of cases in which a prisoner can file a section 1983 action seeking equitable relief."

Thus, to the extent that Plaintiff is challenging the Parole Board's requirement that he discuss the facts of his offenses, and asking that he be granted a new parole hearing without that requirement, his claim is not barred by *Heck*, although, as discussed below, it must be dismissed on other grounds.[4]

### C. Failure to State a § 1983 Claim

#### 1. The Effect of Plaintiff's Nolo Plea

Plaintiff's claim that the Parole Board's questions to him regarding the offense violate the terms of his *nolo contendere* plea, while creative, misapprehends both the scope of his plea bargain and the nature of a *nolo* plea.

A *nolo contendere* plea "is an admission of all the essential elements of a charged offense and, thus, is tantamount to an admission of guilt for the purposes of a criminal case." *People v. Patmore*, 264 Mich.App. 139, 149, 693 N.W.2d 385 (2004) (citing *People v. New*, 427 Mich. 482, 495, n.10, 398 N.W.2d 358 (1986)). The benefit to a

---

[4] However, to the extent that Plaintiff challenges his plea itself as being illusory, *see* Plaintiff's Reponse [Docket #11], that claim would be barred by *Heck*.

defendant who enters such a plea is that unlike a guilty plea, it "cannot be used in evidence against the defendant as an admission in a subsequent civil or criminal case." *Koniak v. Heritage Newspapers, Inc.*, 198 Mich.App. 577, 581 (1993).

Consistent with its underlying purpose, Plaintiff's *nolo* plea has not been used as an admission in any other case, including his parole hearing. Plaintiff has cited no authority for the proposition that a *nolo* plea somehow precludes an administrative agency such as a parole board–or for that matter, anyone–from ever asking about the offense. Plaintiff may choose to answer the questions or not, but whatever the consequences of his choice, they do not implicate the benefits conferred by his *nolo* plea.

Furthermore, the Parole Board was not a party to the Plaintiff's plea agreement. "Plea agreements are contractual in nature, and as such, courts are guided by general principles of contract interpretation when construing plea agreements." *United States v. Moncivais*, 492 F.3d 652, 662 (6th Cir. 2007). Apart from the fact that the Plaintiff received the benefit of his bargain–the dismissal of more serious charges[5] and a sentence cap–the terms of the agreement, or of any contract, cannot generally be enforced against a non-party. The functions of a parole board are "separate and distinct from the sentencing duties of the...court." *United States v. Clark*, 831 F.2d 730, 732 (9th Cir. 1986). *See also Tanceusz v. United States*, 831 F.2d 297, *2 (Table)(6th Cir. 1987) ("details of parole eligibility are merely collateral, not direct, consequences of a plea").

---

[5] The first degree CSC charge that was dismissed carries a penalty of up to life imprisonment. M.C.L. § 750.520b(2)(a).

More significantly, Plaintiff's argument that the Michigan Parole Board's procedures violate his constitutional rights does not state a viable claim under § 1983. Plaintiff simply has no constitutionally protected liberty interest in parole. *Greenholtz v. Inmates of Nebraska Penal & Corrections,* 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). The Sixth Circuit has held that "procedural statutes and regulations governing parole do not create federal procedural due process rights," and that "[t]he Michigan procedural limitations do not detract from the broad powers of the Michigan authorities to deny parole." *Sweeton v. Brown*, 27 F.3d 1162, 1164 -1165 (6th Cir. 1994). The *Sweeton* court also found that as "long as the parole discretion is broad, as in Michigan, 'the State has not created a constitutionally protected liberty interest' by enacting procedural rules." *Id.* "In Michigan, the decision to release a prisoner on parole is a discretionary decision of the parole board." *Juarez v. Renicom* 149 F.Supp.2d 319, 322 (E.D.Mich. 2001) (internal citations omitted). "The Michigan parole statute does not create a right to be paroled." *Id.*; *Hurst v. Dep't of Corr. Parole Bd.,* 119 Mich.App. 25, 28-29, 325 N.W.2d 615, 616 (1982).[6]

---

[6] The Michigan Parole Board has a statutory mandate to consider and assure the safety of the community in any parole decision. M.C.L. § 791.233(1)(a) provides that "[a] prisoner shall not be given liberty on parole until the board has reasonable assurance, after consideration of all the facts and circumstances, *including the prisoner's mental and social attitude*, that the prisoner will not become a menace to society or to the public safety." (Emphasis added). That responsibility exists regardless of whether the inmate was sentenced as the result of a guilty plea, a *nolo* plea, or a trial. It is illogical to posit that the determination of whether a prisoner is a danger to the community can be made on less information (i.e., lack of remorse or acceptance of responsibility) in the case of a defendant who pleads *nolo* than in the case of one who pleads guilty. I note that the facts

Finally, Plaintiff's argument, at p.6 of his response [Docket #11], that the Parole Board's consideration of his failure to acknowledge the offenses violates the Fifth Amendment, is without merit. The Fifth Amendment bars the prosecution from compelling a defendant's testimony in a criminal trial or advancing an adverse inference from his decision not to testify. *Kosinski v. C.I.R.*, 541 F.3d 671, 678 (6th Cir. 2008). That proscription on adverse inferences does not apply in a non-criminal case. *Id.*, citing *Baxter v. Palmigiano,* 425 U.S. 308, 318-19, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976). Nor does it apply in the context of a parole hearing. *Ohio Adult Parole Auth. v. Woodard,* 523 U.S. 272, 286, 118 S.Ct. 1244, 140 L.Ed.2d 387 (1998) (a state clemency board may draw adverse inferences from an inmate's failure to testify on his own behalf at a clemency hearing). *See also Hawkins v. Morse*, 1999 WL 1023780, *2 (6th Cir. 1999)(unpublished) (court applies *Ohio Adult Parole Auth.* to the Michigan parole system, stating, "[I]t cannot be said that the alleged pressure to admit that he committed the crime for which he is incarcerated in order to improve his chances for parole forces Hawkins to incriminate himself in violation of the Fifth Amendment").

### IV. CONCLUSION

For these reasons, I recommend that Defendant's motion to dismiss [Docket #9] be GRANTED, and that the complaint be DISMISSED WITH PREJUDICE.

---

of this case, as set forth in the presentence and parole eligibility reports (Defendant's Exhibit 1), are particularly disturbing, and the Parole Board would be remiss in its statutory obligations if it did not consider Plaintiff's lack of remorse or insight into the offense.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                        s/R. Steven Whalen  
                                        R. STEVEN WHALEN  
                                        UNITED STATES MAGISTRATE JUDGE

Dated: July 27, 2009

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 27, 2009.

                                              s/Susan Jefferson
                                              Case Manager